UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

LINEBARGER, GOGGAN, BLAIR &SAMPSON LLP, et al.,

        Defendants.

19-CV-8662 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, and asserting that Defendants deprived him of due process by sending him a notice to pay thruway tolls. By order dated October 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff initially filed this action against Linebarger, Goggan, Blair & Sampson LLP (Linebarger) in the United States District Court for the Western District of Texas, San Antonio Division. *See Johnson v. Linebarger, Goggan, Blair & Sampson, LLP*, No. 5:19-CV-0878-FB (W.D. Tex. Sept. 12, 2019). Although Linebarger is a Texas limited liability partnership, the Western District of Texas transferred the matter to the Southern District of New York because Plaintiff resides in the Bronx, Linebarger has an office in Manhattan – from which the complained-of conduct originated – and the events giving rise to the lawsuit occurred here. (ECF No. 2, 2.)

Plaintiff submitted to the Western District of Texas a hand-written IFP application, to which he attached a hand-written civil cover sheet and complaint.[1] (*See* ECF Nos. 1, 1-1.) He invokes the Court's federal question jurisdiction and asserts the following as the basis for federal jurisdiction: "ineffective counsel, due process violations, lack of jurisdiction, lieing [sic], denial of reviewing documents & assuming other parties obligations." (ECF No. 1-1, 1.)

The following facts are taken from Plaintiff's submissions. On July 16, 2019, Plaintiff received a notice from Linebarger about unpaid tolls and fees owed to the New York State Thruway Authority (NYSTA). In the notice, Linebarger lied by stating that a previous notice had been sent to Plaintiff and that he had failed to respond. Linebarger further stated that although no attorney at the law firm had personally reviewed the "particular circumstances of Plaintiff's account," it assumed that the debt was valid, and that Plaintiff was responsible for the alleged

---

[1] In the civil cover sheet that doubles as the first page of the complaint, Plaintiff also names as defendants the New York State Thruway Authority and Cristina Gonzalez – a New York partner of Linebarger. But he does not allege any facts concerning these two defendants, making assertions against only Linebarger. To the extent Plaintiff sues the NYSTA and Gonzalez, his claims are dismissed for the same reasons stated in this order.

violations. Linebarger threatened to suspend Plaintiff's New York license and car registration if he failed to respond. Plaintiff attaches the notice to the complaint.

Plaintiff claims that Linebarger violated his rights by assuming that the debt was valid without specifically reviewing his account to determine that debt collection was warranted. He also asserts that Linebarger lacks jurisdiction to collect the alleged debt as the law firm is based in Texas. Plaintiff claims that Linebarger failed to afford him due process in this matter and provided ineffective counsel.

## DISCUSSION

**A.     Constitutional Claims**

Because Plaintiff brings this action against Linebarger – a law firm serving as debt collector for the NYSTA – asserting constitutional claims, the complaint is construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

3

Plaintiff asserts that Linebarger, which is not a government entity, violated his constitutional rights by sending him the notice concerning unpaid NYSTA tolls and fees. A private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test" ); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). Here, Plaintiff suggests that because Linebarger serves as debt collector for the NYSTA, a public corporation, its actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)) Even if the Court assumes, without deciding, that Linebarger is a state actor subject to liability under § 1983, Plaintiff fails to state a constitutional claim.

Plaintiff maintains that Linebarger violated his rights to due process by sending him the notice. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process therefore requires a defendant to apprise the plaintiff of the pendency of the matter and afford him an opportunity to present his objections. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006); *In re Medaglia*, 52 F.3d 451, 455 (2d Cir. 1995)

Plaintiff may have a protectable interest in the money Linebarger seeks to collect. *See Farina v. MTA*, ECF 1:18-CV-1433, 120, 2019 WL 3966163, at *20 (S.D.N.Y. Aug. 21, 2019) (concluding that plaintiffs "have plausibly alleged a protectable interest" in fines assessed for failing to pay toll bills). Plaintiff alleges that Linebarger denied him due process by lying about sending a previous notice and failing to specifically review his account to determine that debt collection was warranted. But his assertions do not state a claim of a due process deprivation. Linebarger's notice reasonably informed Plaintiff of the potential deprivation and provided him with NYSTA's website and Linebarger's phone number.[2] Rather than contacting NYSTA or Linebarger, Plaintiff instead chose to draft this action the same day he received the notice and then mailed it to the Western District of Texas. Linebarger's notice was sufficient to satisfy due process as it apprised Plaintiff of the tolls and fees and afforded him the opportunity to object. *See Jones*, 547 U.S. at 226. As Plaintiff was not deprived of a property interest without notice or an opportunity to be heard, his due process claim must be dismissed. *See Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 600-01 (7th Cir. 2016) (finding that a plaintiff who received notice of toll violations failed to assert a due process claim); *McGuire v. City of N.Y.*, 142 Fed. App'x 1, 2005 WL 1620450, at *4 (2d Cir. 2005) (dismissing due process claim based on alleged undelivered notices, noting that "[a]s a rule, a presumption of receipt applies to properly addressed notices mailed in accordance with regular office procedures") (citations omitted).

---

[2] NYSTA's website has a section on "Violation Enforcement," which states that "[if]f you feel you have received a notice of violation notice in error, you may contact the Violations Processing Unit at: E-ZPass Customer Service Center P.O. Box 15186 Albany, NY 12212-5186." The site also provides a toll-free number: 1-800-333-8655. *See* http://www.thruway.ny.gov/ezpass/violation.html (last visited Oct. 31, 2019).

In addition, that section of the website has information on "Collection Agencies," stating that if a violation is not paid within 30 days, it will be referred to Linebarger for collection, and directing that motorists can dispute the debt by contacting Linebarger directly using the number referenced in the notice. *Id*.

As to Plaintiff's claim that Linebarger provided ineffective counsel in violation of the Constitution, it too must be dismissed. Linebarger was not representing Plaintiff and could not provide him ineffective assistance of counsel.

**B.      Fair Debt Collection Practices Act**

Because Plaintiff is proceeding *pro se*, the Court also examines whether his assertions implicate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The statute seeks to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir.2002) (quoting 15 U.S.C. § 1692(e) (internal quotation marks omitted). To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices. 15 U.S.C. § 1692k. The FDCPA defines debt as an obligation "arising out of . . . transaction[s]" that "are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction").

Plaintiff fails to state a claim for relief under the FDCPA. Although Linebarger likely qualifies as a debt collector under the statute,[3] Plaintiff fails to allege any actions taken by Linebarger that violated the statute. In any event, highway tolls and fees – the alleged debt at issue – do not qualify as consumer debt under the FDCPA because they are not primarily for

---

[3] The statute defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . .debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692e.

personal, family, or household purposes. *See St. Pierre v. Retrieval-Masters Credit Bureau, Inc.*, 898 F.3d 351, 363 (3d Cir. 2018); *Lowenbien v. Transworld Systems, Inc.*, No. 19-CV-0492, 2019 WL 3081095, at *2 (E.D.N.Y. July 15, 2019).

**C.     Remaining Claims**

Plaintiff's remaining claims sound in state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Plaintiff's federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to add as defendants to this action the New York State Thruway Authority and Cristina Gonzalez.

7

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 12, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge